UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JOHNSON, JR.,

    Petitioner,

v.

MELVIN HUNTER,

    Respondent.

No. C 05-2064 SI (pr)

**ORDER**

## INTRODUCTION

Joseph Johnson, Jr. filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a May 25, 2000 decision to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), see Cal. Welf. & Inst. Code § 6600 et seq. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His request to proceed in forma pauperis also is before the court for consideration.

## DISCUSSION

A.   Review Of The Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue

an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition lists the grounds for relief as "violations of statutory, state and United States procedural due process and equal protection rights under the Welf. Inst. Code § 6601 subd(d)-(i); article I, section § 7; and 14th Amendment of the Constitutions and Statute. 'Res judicata and estoppel." Petition, p. 3. That summary listing of provisions is accompanied by long-winded and extremely repetitive description of the problems in 27 pages of text (i.e., Johnson's 10-page and 2-page declarations, a 5-page statement of the case, and a 10-page statement of facts). The heart of Johnson's petition is his contention that an error was made in the earliest stage of the civil commitment proceeding and this invalidated everything thereafter. Specifically, he contends that the civil commitment statute requires that there be a concurrence of two doctor-evaluators on one team that the individual fits the criteria in order for a civil commitment petition to be filed. The problem here, according to Johnson, was that there was no "team" of two doctors in agreement. Rather, the state allegedly used one doctor -- who originally opined that Johnson did not fit the criteria for a sexually violent predator and then changed her mind to opine that he did fit the criteria -- from one team and another doctor from the other team to form the two-doctor concurrence needed to file a petition for civil commitment. This impropriety, in turn, allegedly infected the probable cause hearing and the trial by making the probable cause determination wrong, making the trial judge's rejection of Johnson's demurrer wrong, making the trial unfair, and making the appellate rejection of the claim incorrect. Liberally construed, the petition appears to state a due process claim cognizable in a federal habeas petition. There is no allegation suggestive of an equal protection violation, even though it is listed as a ground for relief in the petition.

Insofar as the petition asserts claims for violations of state law, those claims are dismissed because they are not cognizable in federal habeas proceedings. For a person in custody pursuant

to the judgment of a state court, the federal writ is available "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119. Even if there was a violation of the California Welfare and Institution Code in the civil commitment proceedings, that alone would not allow this court to issue the writ of habeas corpus.

The petition appears to have a procedural problem that needs to be addressed before the merits of the petition are reached. Specifically, Johnson's petition appears to be time-barred under 28 U.S.C. § 2244(d). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on petitions for a writ of habeas corpus persons in custody pursuant to the judgment of a state court. Petitions filed by such persons must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

Johnson's petition in this court apparently was filed long after the civil commitment decision was made and became final. His petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1)

move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that such a motion to dismiss is unwarranted in this case.

B.  The Request To Proceed In Forma Pauperis

Johnson's Request To Proceed In Forma Pauperis is denied. His in forma pauperis request does not satisfy 28 U.S.C. § 1915(a)'s requirement that a non-prisoner who wishes to proceed as a pauper submit "an affidavit that includes a statement of all assets such prisoner [sic] possesses that the person is unable to pay such fees or give security therefor." Johnson's in forma pauperis request merely explains that he is not a prisoner, but non-prisoner status is not the determining factor in whether a litigant will be allowed to proceed as a pauper. The court must have information about an applicant's financial wherewithal to decide whether pauper status is appropriate, but Johnson's request does not provide that information. Johnson must complete and file the attached Application To Proceed In Forma Pauperis (Non-Prisoner Cases Only) or pay the $5.00 habeas filing fee. He also must attach to the application a copy of his current trust account statement from the institution in which he is housed. Although a trust account statement is not mentioned on the application form, it is an appropriate requirement for someone who is in custody and is having some or all of his basic needs met. For example, if someone in custody has $500 in a trust account and someone out of custody has $500 in a checking account, their overall financial situations likely are not comparable because the person in custody has no housing expenses while the person not in custody may have rent and utility expenses.

**CONCLUSION**

Good cause appearing therefor,

1.  The clerk shall serve by certified mail a copy of this order, the petition, all attachments thereto, and the rest of the case file upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also send a copy of this order to petitioner.

2.  Respondent must file with the court and serve upon petitioner, no later than

4

**November 18, 2005**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

    3.    If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent no later than **December 30, 2005**.

    4.    Respondent may file and serve a reply no later than **January 13, 2006**.

    5.    The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

    6.    The parties are reminded that they must comply with the court's page limits set out in the Local Rules. Specifically, the motion and opposition briefs may not exceed 25 pages in length and any reply brief may not exceed 15 pages in length.

    7.    Petitioner's request to proceed <u>in forma pauperis</u> is DENIED. (Docket # 3.) Johnson must pay the $5.00 filing fee or complete and file the attached Application To Proceed <u>In Forma Pauperis</u> (Non-Prisoner Cases Only) no later than **October 28, 2005**. Failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: September 23, 2005
                                                          _____
                                                          SUSAN ILLSTON
                                                         United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSEPH JOHNSON, JR.,

    Petitioner,

v.

MELVIN HUNTER,

    Respondent.

No. C 05-2064 SI (pr)

**ORDER**

## INTRODUCTION

Joseph Johnson, Jr. filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a May 25, 2000 decision to civilly commit him under California's Sexually Violent Predator Act ("SVPA"), see Cal. Welf. & Inst. Code § 6600 et seq. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His request to proceed in forma pauperis also is before the court for consideration.

## DISCUSSION

A.   Review Of The Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue

an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition lists the grounds for relief as "violations of statutory, state and United States procedural due process and equal protection rights under the Welf. Inst. Code § 6601 subd(d)-(i); article I, section § 7; and 14th Amendment of the Constitutions and Statute. 'Res judicata and estoppel." Petition, p. 3. That summary listing of provisions is accompanied by long-winded and extremely repetitive description of the problems in 27 pages of text (i.e., Johnson's 10-page and 2-page declarations, a 5-page statement of the case, and a 10-page statement of facts). The heart of Johnson's petition is his contention that an error was made in the earliest stage of the civil commitment proceeding and this invalidated everything thereafter. Specifically, he contends that the civil commitment statute requires that there be a concurrence of two doctor-evaluators on one team that the individual fits the criteria in order for a civil commitment petition to be filed. The problem here, according to Johnson, was that there was no "team" of two doctors in agreement. Rather, the state allegedly used one doctor -- who originally opined that Johnson did not fit the criteria for a sexually violent predator and then changed her mind to opine that he did fit the criteria -- from one team and another doctor from the other team to form the two-doctor concurrence needed to file a petition for civil commitment. This impropriety, in turn, allegedly infected the probable cause hearing and the trial by making the probable cause determination wrong, making the trial judge's rejection of Johnson's demurrer wrong, making the trial unfair, and making the appellate rejection of the claim incorrect. Liberally construed, the petition appears to state a due process claim cognizable in a federal habeas petition. There is no allegation suggestive of an equal protection violation, even though it is listed as a ground for relief in the petition.

Insofar as the petition asserts claims for violations of state law, those claims are dismissed because they are not cognizable in federal habeas proceedings. For a person in custody pursuant

to the judgment of a state court, the federal writ is available "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119. Even if there was a violation of the California Welfare and Institution Code in the civil commitment proceedings, that alone would not allow this court to issue the writ of habeas corpus.

The petition appears to have a procedural problem that needs to be addressed before the merits of the petition are reached. Specifically, Johnson's petition appears to be time-barred under 28 U.S.C. § 2244(d). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on petitions for a writ of habeas corpus persons in custody pursuant to the judgment of a state court. Petitions filed by such persons must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

Johnson's petition in this court apparently was filed long after the civil commitment decision was made and became final. His petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1)

move to dismiss the petition on the ground that it is untimely, or (2) inform the court that respondent is of the opinion that such a motion to dismiss is unwarranted in this case.

B.  The Request To Proceed In Forma Pauperis

Johnson's Request To Proceed In Forma Pauperis is denied. His in forma pauperis request does not satisfy 28 U.S.C. § 1915(a)'s requirement that a non-prisoner who wishes to proceed as a pauper submit "an affidavit that includes a statement of all assets such prisoner [sic] possesses that the person is unable to pay such fees or give security therefor." Johnson's in forma pauperis request merely explains that he is not a prisoner, but non-prisoner status is not the determining factor in whether a litigant will be allowed to proceed as a pauper. The court must have information about an applicant's financial wherewithal to decide whether pauper status is appropriate, but Johnson's request does not provide that information. Johnson must complete and file the attached Application To Proceed In Forma Pauperis (Non-Prisoner Cases Only) or pay the $5.00 habeas filing fee. He also must attach to the application a copy of his current trust account statement from the institution in which he is housed. Although a trust account statement is not mentioned on the application form, it is an appropriate requirement for someone who is in custody and is having some or all of his basic needs met. For example, if someone in custody has $500 in a trust account and someone out of custody has $500 in a checking account, their overall financial situations likely are not comparable because the person in custody has no housing expenses while the person not in custody may have rent and utility expenses.

**CONCLUSION**

Good cause appearing therefor,

1.  The clerk shall serve by certified mail a copy of this order, the petition, all attachments thereto, and the rest of the case file upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also send a copy of this order to petitioner.

2.  Respondent must file with the court and serve upon petitioner, no later than

4

**November 18, 2005**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

    3.    If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving it upon respondent no later than **December 30, 2005**.

    4.    Respondent may file and serve a reply no later than **January 13, 2006**.

    5.    The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

    6.    The parties are reminded that they must comply with the court's page limits set out in the Local Rules. Specifically, the motion and opposition briefs may not exceed 25 pages in length and any reply brief may not exceed 15 pages in length.

    7.    Petitioner's request to proceed <u>in forma pauperis</u> is DENIED. (Docket # 3.) Johnson must pay the $5.00 filing fee or complete and file the attached Application To Proceed <u>In Forma Pauperis</u> (Non-Prisoner Cases Only) no later than **October 28, 2005**. Failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: September 23, 2005

                                        _____
                                        SUSAN ILLSTON
                                        United States District Judge