1
2
3
4                       IN THE UNITED STATES DISTRICT COURT
5                     FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7    JOSEPH JOHNSON, JR.,                        No. C 05-02064 SI
8                    Petitioner,                 **ORDER DENYING RESPONDENT'S**
     v.                                          **MOTION TO DISMISS**
9
     MELVIN HUNTER, Warden
10
                     Respondent.
11   _____/
12
13        Now before the Court is respondent's motion to dismiss this habeas action for untimeliness.
14   Having carefully considered the arguments presented in the moving papers, the Court DENIES
15   respondent's motion.
16
                                        **BACKGROUND**
17
18        In 1982, petitioner, Joseph Johnson, Jr., was convicted of rape and sentenced to 33 years in
19   prison.  Resp. Mot., Exh. A, at 9.  In May 1999, shortly before he was set to be paroled, the State of
20   California filed a petition to commit petitioner as a sexually violent predator ("SVP").  *Id.* at 2, 9.  On
21   May 24, 2000, a jury found petitioner to be an SVP, and the trial court committed him to Atascadero
22   State Hospital for a period of two years.  *Id.* at 11.  Although the record is not entirely clear, it appears
23   that petitioner remains in state custody because he has been recommitted pursuant to California Welfare
24   & Institutions Code § 6605.
25        Petitioner appealed his the SVP judgment, which was affirmed by the California Court of
26   Appeal.  *Id.*  His petition for review by the California Supreme Court was summarily denied on
27   December 12, 2001.  Resp. Mot., Exh. B.  On August 20, 2002, petitioner filed a habeas petition in the
28   California Supreme Court.  Resp. Mot., Exh. C.  That petition was denied on December 11, 2002.  Resp.

**United States District Court**
For the Northern District of California

Mot, Exh. D.

Petitioner filed the instant habeas petition under 28 U.S.C. § 2254 on May 19, 2005.  On September 27, 2005, this Court issued an order noting that the petition appeared untimely, and inviting a motion to dismiss by respondent.  Now before the Court is respondent's motion to dismiss.  Petitioner opposes the motion, arguing that the doctrine of equitable tolling should preclude a finding that his petition is untimely.[1]

## LEGAL STANDARD

28 U.S.C. § 2244 requires a state prisoner to bring a federal habeas action within one year of the date the prisoner's "judgment became final by the conclusion of direct review."  28 U.S.C. § 2244(d)(1)(A).  This one-year period is tolled, however, during the time state post-conviction relief or other collateral review is pending.  28 U.S.C. § 2244(d)(2).

The one-year limitations period can also be equitably tolled, which occurs when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  Equitable tolling, however, is to be rarely applied.  "Indeed, the threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." *Id.*  Thus, a prisoner seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, -- U.S. --, 125 S. Ct. 1807, 1814 (2005); *see also Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002) (equitable tolling may be appropriate where "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim").  The petitioner bears the burden of establishing that equitable tolling is appropriate. *Espinoza-Matthews v. California*, -- F.3d --, 2005 WL 3535129 (9th Cir. Dec. 28, 2005).

## DISCUSSION

---

[1]On November 14, 2005, petitioner filed a substitution of counsel form with this Court.  Until that point, petitioner had proceeded *pro se*.

It is undisputed that petitioner's current habeas petition was filed well after the one-year limitations period had passed. Petitioner's state court judgment became final on March 12, 2002, 90 days after the California Supreme Court rejected his direct appeal. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001); Resp. Mot., Exh. B (December 12, 2001, California Supreme Court decision denying petitioner's appeal). The limitations period was further tolled during the 114-day period that his state habeas petition was pending. *See* 28 U.S.C. § 2244(d)(2); Resp. Mot., Exh. C, D (state habeas petition, filed on August 19, 2002, and California Supreme Court decision denying petition, filed on December 11, 2002). Thus, the limitations period expired on July 4, 2003, 114 days after March 12, 2003. Because the instant habeas petition was filed on May 19, 2005, almost two years after the deadline, the instant petition is by all appearances untimely.

Petitioner does not contest this fact. Rather, petitioner contends that the limitations period should be equitably tolled because of two earlier habeas petitions he filed *pro se* in this Court. Petitioner originally filed a habeas petition in this Court on April 8, 2002, which was assigned case number 02-1678. Pl. Oppo. Br., Exh. 1. On June 3, 2002, however, he filed a motion to dismiss the petition without prejudice so that he could exhaust his state court remedies. *Id.*, Exhs. 2, 3. Upon receiving his motion, the Court closed the case, but apparently never informed petitioner that his motion had been granted. *See id.* Petitioner continued to submit documents, including letters inquiring into the status of his case, well after the case had been closed.[2] *See id.*, Exhs. 2, 3, 4, 6. On December 20, 2002, just nine days after his state habeas petition had been denied, and 7 months before his deadline under 28 U.S.C. § 2244(d), petitioner filed a new habeas petition *pro se*. This new petition did not include a case number, did not purport to be an amended petition, and did not refer to petitioner's previous federal habeas petition. Nonetheless, the petition was filed as an amended petition under the closed case number 02-1678. *Id.*, Exh. 5.

Seven months later, petitioner sent a letter to the Court, inquiring about the status of his case. *Id.*, Exh. 2. After an additional three months, on October 23, 2003, petitioner filed a *pro se* motion for

---

[2]The first such letter, which petitioner sent on July 8, 2002, states, "I would like to know have you received my motion to dismiss in the above case without prejudice . . . . I haven't heard or received any verification from you, and would please like to have some confirmation in order to resolve this matter appropriately." Pet. Oppo. Br., Exh. 4. It appears that the Court never responded to this letter.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1 an order to show cause, noting that his case "has been setting [*sic*] in the U.S. District Court (San Jose)

2 for approximately eighteen months" and requesting that the Court "issue an order to show cause upon

3 respondent." *Id.*, Exh. 6. In January, 2004 the matter was transferred from the San Jose to the San

4 Francisco division of the Northern District of California and reassigned; and on February 3, 2004, the

5 Court issued an order denying petitioner's motion. *Id.*, Exh. 3. The order noted that case number 02-

6 1678 had been closed since June 3, 2002, and stated that petitioner could file a new petition under a new

7 case number. *Id.*

8 Petitioner filed a new petition *pro se* on February 25, 2004, which was assigned case number

9 04-0775. However, petitioner did not pay the filing fee or submit an *in forma pauperis* application,

10 despite a clerk's notice sent to him describing the need to file such an application. *Id.*, Exh. 8. Thus,

11 on June 21, 2004, the Court dismissed the case without prejudice. *Id.* The docket indicates that on June

12 28, 2004, and again on July 2, 2004, the notice of dismissal that had been sent to petitioner was returned

13 as undeliverable. *Id.* On July 8, 2004, the Court received a notice of change in address from petitioner.

14 *Id.* The docket does not indicate if the notice of dismissal was re-sent to petitioner's new address.

15 The Court received two additional change-in-address forms from petitioner in early 2005. *Id.*

16 Then, on May 4, 2005, petitioner filed a *pro se* motion for reconsideration of the June 21, 2004, order

17 dismissing case number 04-0775 without prejudice. *Id.*, Exhs. 8, 10. In the motion, petitioner argued

18 that he had never received the clerk's notice that his habeas petition was mission an *in forma pauperis*

19 application. *Id.*, Exh. 10. Petitioner also mentioned that he had been transferred to Atascadero State

20 Hospital on June 21, 2004. Two weeks after filing his motion for reconsideration, on May 19, 2005,

21 petitioner filed the instant habeas petition, again *pro se*.

22 The Court believes that the facts described above are sufficient to invoke the doctrine of

23 equitable estoppel. Petitioner's habeas application was complete as of December 2002, a full seven

24 months before the 28 U.S.C. § 2244(d) deadline. Further, an inadvertent error by the Court caused

25 petitioner's December 2002 habeas petition to be filed in the closed case. If the petition had been given

26 a new case number, as it should have been, it would have been well within the statutory deadline. This

27 is precisely the type of uncontrollable event that equitable tolling was meant to address. *See, e.g.*,

28 *Corjasso v. Ayers*, 278 F.3d 874, 878 (9th Cir. 2002) (applying equitable tolling where court incorrectly

United States District Court

For the Northern District of California

dismissed a petition filed by *pro se* prisoner because he used a "whited-out cover sheet from the wrong district"); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (applying equitable tolling where prison officials delayed in preparing check for filing fee); *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (applying equitable tolling where prison officials failed to obtain prisoner's signature for filing).

The Court also finds that petitioner has been extremely diligent in his continued attempts to pursue his habeas application. *Cf Espinoza-Mathews*, 2005 WL 3535129, at *5 (describing diligence of prisoner who was denied access to his legal materials over a period of eleven months). Petitioner has continuously monitored the process of his petition, and has attempted to keep track of his case in a manner that is commendable for a *pro se* prisoner. For example, in case number 02-1678 petitioner sent two letters to the Court inquiring about the status of his case, and, when he received no response to those letters, filed a motion for an order to show cause. When petitioner finally learned that case number 02-1678 had been dismissed, he filed a new habeas petition only three weeks later. And, after he learned that his second habeas action had been dismissed, petitioner filed a motion for reconsideration and a third habeas petition only two weeks later.

The government argues that petitioner has not established that he was diligent because he has not informed the Court when he learned that his second habeas action had been dismissed. Thus, the government contends, it is entirely possible that petitioner learned of the dismissal almost a year before he filed his third habeas action. But this argument ignores the fact that petitioner had already filed a perfectly valid habeas petition that was incorrectly filed in a closed case only because of an inadvertent administrative error by the Court. Moreover, during the ten-and-a-half months between the time his second habeas petition was dismissed and time he filed his motion for reconsideration, petitioner sent the Court three notices that his address had changed. This strongly suggests that petitioner was not aware that his case had been closed.[3]

---

[3]Petitioner's counsel has also requested permission to file a belated declaration opposing the motion to dismiss, which is GRANTED (Docket No. 42). In the declaration, counsel states that he informed petitioner in late April 2005 that his habeas petition in case number 04-0775 had been dismissed. See Decl. of Jean Matulis in Oppo. to Resp. Mot., at ¶ 4. Although the declaration does not establish that petitioner was unaware of the dismissal until that point, the timing of petitioner's subsequent motion for reconsideration strongly suggests that it was the first petitioner learned of the dismissal.

United States District Court

For the Northern District of California

The Ninth Circuit has noted the difficulties faced by prisoners who must proceed with their habeas petitions *pro se*. *See Lott v. Mueller*, 304 F.3d 918, 924 (9th Cir. 2002) ("[I]mposing extraordinarily high evidentiary standards on pro se prisoner litigants--who have already faced an unusual obstacle beyond their control during the AEDPA limitation period--runs against the grain of our en banc ruling in Rand, which concluded that 'affirmative measures are sometimes required to ensure that a prisoner's access to the courts is adequate, effective, and meaningful.'") (quoting *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (en banc)). And it has specifically acknowledged the possibility that a prisoner may not receive notice of events in his case. *See Lewis v. Mitchel*, 173 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) (applying equitable tolling where prisoner was not notified of denial of state habeas petition for five months because of mail error); *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001) ("[A] prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter."). Given the errors and miscommunications that have occurred with Johnson's attempts to file his federal habeas petition, the Court finds that equitable tolling is appropriate.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES respondent's motion to dismiss (Docket No. 13). **Respondent shall filed an answer to the petition within 60 days of this order.**

**IT IS SO ORDERED.**

Dated: January 25, 2006

_____
SUSAN ILLSTON
United States District Judge